UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**DAVID JUAREZ-SILVESTRE,**

    **Petitioner,**

v.                                                                  No. 4:23-cv-559-P

**M. CORDOVA, Acting Warden,
FMC-Fort Worth,**[1]

    **Respondent.**

### ORDER OF DISMISSAL

Petitioner, David Juarez-Silverstre ("Juarez"), a federal prisoner, filed a petition for a writ of habeas corpus (ECF No. 1) under 28 U.S.C. § 2241, alleging that he had not received time credits to which he is entitled. The Court, having considered the petition, the response, the record, and applicable authorities, concludes that the petition must be **DISMISSED** for the alternative reasons set forth.

### BACKGROUND/FACTS

Petitioner Juarez was sentenced by the United States District Court for the Western District of Oklahoma to a 46-month term of imprisonment for Illegal Reentry after Removal from the United States, in violation of 8 U.S.C. §§ 1326(a), (b)(2). App. 6-12, Attachment 2 (Judgment, *United States v. Juarez-Silvestre*, No. CR-21-00299-01-PRW), ECF No. 8. The petition—which appears to be a template petition circulating amongst FMC Fort Worth inmates—asks whether the FSA allows the BOP to implement policy which precludes federal prisoners with pending criminal charges or detainers from having their accrued earned time credits applied towards early release. Pet. 1-2, ECF No. 1. Petitioner asserts that the FSA mandates application of earned time, and the only exceptions are for inmates with a conviction identified under 18

---

[1] The clerk of Court is directed to update the name of the Respondent.

U.S.C. § 3632(d)(4)(D) or with a "final order of removal." *Id.*, pp. 2-3. Petitioner states his "detainer applies to a deportation hearing" and not a final order, thus he is entitled to application of his FSA Time Credits. *Id.*, p. 6. He requests the Court: "forgive the exhaustion requirement of administrative remedy, in particular the lack of time to exhaust"; apply earned FSA Time Credits; and give notice to the detainer issue authority of his new release date. *Id.*, pp. 6-7.

## ANALYSIS
### A.   Lack of Exhaustion

Though 28 U.S.C § 2241 does not expressly contain an exhaustion requirement, it is well-settled law that a federal inmate must exhaust all administrative remedies available before filing a habeas petition under section 2241. *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) ("[A] federal prisoner filing a § 2241 petition must first pursue all available administrative remedies."); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992) ("[E]xhaustion of administrative remedies is a prerequisite to filing a section 2241 petition."); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). An inmate's failure to properly and fully pursue administrative remedies consistent with the procedures provided by the prison system in which he is incarcerated constitutes procedural default, warranting dismissal of a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. *Carmona v. Bureau of Prisons*, 243 F.3d 629, 632-34 (2d Cir. 2001); *Moscato v. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996); *Nigro v. Sullivan*, 40 F.3d 990, 993-97 (9th Cir. 1994).

As Respondent explains, the Bureau of Prisons has a three-step administrative remedy program that inmates must follow. Resp. 2-4, ECF No. 7. The record reflects that Petitioner failed to exhaust his remedies with regard to the claim he presents here. App. (Declaration of BOP Executive Assistant Matthew Gjurgevich) 1-2 and Attachment 1, ECF No. 8. He has not made any attempt to show that exceptional circumstances exist that would make exhaustion futile. *See Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). Thus, the case must be dismissed for lack of exhaustion.

### B. Petitioner is Precluded from Earning FSA Time Credits

Petitioner argues he is entitled to earlier release from prison upon proper application of his FTCs and that he has not had time credits applied to his sentence. However, Petitioner is not entitled to earn FTCs towards his federal sentence because of his conviction.

The First Step Act (FSA) creates a system of earned time credits and other incentives to encourage prisoners to participate in and complete evidence-based recidivism reduction (EBRR) programs and productive activities. 18 U.S.C. § 3632(d). It permits qualifying inmates to apply earned time credits towards prerelease community-based placement—for example, in a Residential Reentry Center (RRC) and/or home confinement. 18 U.S.C. § 3624(g)(2); 28 C.F.R. § 523.44(b)-(c). And, at the discretion of the Director, FSA Time Credits may be applied towards release to supervision at an earlier date, not to exceed 12 months. 18 U.S.C. § 3624(g)(3); 28 C.F.R. § 523.44(d). On February 6, 2023, the BOP issued a revised Program Statement 5410.01, *First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4)*, whereby the BOP, among other applications, applies earned time credits towards early transfer to supervised release for individuals with a detainer.[2]

However, "[a] prisoner is ineligible to apply time credits . . . if the prisoner is the subject of a final order of removal under any provision of the immigration laws [] of the Immigration and Nationality Act." 18 U.S.C. § 3632(d)(E)(i); 28 C.F.R. § 523.44(a)(2); *See supra*, n. 2, p. 13. Furthermore, the FSA sets forth a list of offenses for which a conviction makes a prisoner ineligible to earn FSA Time Credits. 18 U.S.C. § 3632(d)(4)(D).

Petitioner was sentenced by the United States District Court for the Western District of Oklahoma to a 46-month term of imprisonment for Illegal Reentry after Removal from the United States, in violation of 8 U.S.C. §§ 1326(a), (b)(2). App. 6-13, ECF No. 8. Therefore he is statutorily precluded from applying any FTCs he may have earned.

---

[2] Located at https://www.bop.gov/policy/progstat/5410.01_cn2.pdf.

3

Petitioner is convicted of an offense that makes him ineligible to receive FSA Time Credits; his 8 U.S.C. § 1326(b)(2) conviction is excluded from earning time credits under 18 U.S.C. §3632(d)(4)(D)(lix). *See also* Pet. 3, ECF No. 1 (acknowledging ineligibility for a conviction identified under 18 U.S.C. § 3632(d)(4)(D)). Therefore Petitioner is statutorily precluded from applying any FTCs he may have earned. Petitioner's claim must therefore alternatively be denied.

## CONCLUSION and ORDER

It is therefore **ORDERED** that petitioner David Juarez-Silvestre's petition for relief under 28 U.S.C. § 2241 is **DISMISSED** for want of exhaustion, and alternatively, **DENIED**.

**SO ORDERED** this **12th day** of **December 2023**.

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE